UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TAMMY DEANNA MAY, | ) | |
| | ) | |
| Plaintiff, | ) | 14-121-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CAROLYN W. COLVIN, Acting | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Tammy Deanna May, seeks judicial review pursuant to 42 U.S.C. § 405(g), of

an administrative decision of the Commissioner of Social Security ("Commissioner") denying

her application for Disability Insurance Benefits ("DIB").  For the reasons stated herein, the

Court will deny May's Motion for Summary Judgment [R. 21], and grant that of the

Commissioner [R. 23].

**I**

May filed her application for benefits on August 11, 2011, alleging disability beginning

on December 31, 2007, due to multiple physical and mental impairments.  [Tr. 153-156, 164.]

Her application was denied initially and upon reconsideration.  [Tr. 107-116.]  A video-hearing

was conducted before Administrative Law Judge ("ALJ") Robert Bowling on March 18, 2013,

where May and Leah Salyers, a vocational expert, testified.  [Tr. 11.]

May was thirty-six years old as of the date of that hearing.  [Tr. 34.]  She is married, but

has no biological children.  [Tr. 35.]  She possesses a high-school education, can both read and

write, and does drive, albeit not all that much.  [Tr. 35-36.]  May alleges disability due to a slew

of physical and mental impairments.  Physically, she complains of migraine headaches, back

pain, knee pain, right hip and leg pain, right shoulder pain, difficulty using her hands, stomach

pain, problems with her immunity, difficulty sleeping, heart palpitations, numbness and coldness

in her hands and feet, asthma, fibromyalgia, and irritable bowel syndrome [Tr. 40-43, 55, 57-59].

Mentally, she complains of memory and concentration problems, anxiety, and depression.  [Tr.

61-63].  Despite these ailments, May cares for her dogs, prepares simple meals, and performs

light housework.  [Tr. 14; 195.]  The Court further notes that as recently as August 2011, May

went "4-wheeling."  [Tr. 19; 551.]  May has past relevant work as a "retail cashier, cashier/food

server, and kitchen helper.  [Tr. 22; 71-72.]

In evaluating a claim of disability, the ALJ conducts a five-step analysis.  *See* 20 C.F.R.

§ 404.1520.[1]  First, if a claimant is performing a substantial gainful activity, he is not disabled.

20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of

impairments which significantly limit his physical or mental ability to do basic work activities,

then he does not have a severe impairment and is not "disabled" as defined by the regulations.

20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal one of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled."  20 C.F.R. §

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

404.1520(d).  Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.  Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled."   20 C.F.R. § 404.1520(e).  The plaintiff has the ultimate burden of proving compliance with the first four steps.  *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010).   Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled."  20 C.F.R. § 404.1520(f).

In this case, the ALJ issued his written decision on March 28, 2013.  [Tr. 11-23.]  At Step 1, the ALJ found that May had not engaged in substantial gainful activity since that alleged onset date.  [Tr. 13.]  At Step 2, the ALJ found that May had the following severe impairments: "disorders of the spine, fibromyalgia, anxiety related disorder, and affective disorder."  [*Id.*]  At Step 3, the ALJ concluded that May did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525 and 404.1526)," so the analysis continued to the next step.  [Tr. 14.]  At Step 4, the ALJ concluded that May had an RFC to "perform light work as defined in 20 CFR 404.1567(b)."  [Tr. 16.]  The ALJ noted the following specific limitations:

> [C]laimant can stand and walk for approximately 6 hours in an 8-hour workday; claimant can sit for approximately 6 hours in an 8-hour workday; claimant can occasionally climb ladders, ropes and scaffolds; claimant can frequently climb ramps or stairs, balance,

stoop, crouch, kneel and crawl; claimant should avoid concentrated exposure to excessive noise; claimant should avoid concentrated exposure to wetness and humidity; claimant should avoid concentrated exposure to excessive vibration; claimant should avoid concentrated exposure to moving machinery and to unprotected heights; claimant is limited to occupations which do not require fine hearing capacity; claimant should only perform work which is limited to simple, routine and repetitive tasks which are performed in a work environment free of fast paced production requirements involving only simple, work-related decisions and with few, if any, work place changes; and the claimant should have only occasional interaction with the public and co-workers.

[R. 16.] With these limitations in mind, the ALJ determined that May was not capable of performing her past, relevant work. [Tr. 22.] Finally, at Step 5, the ALJ adopted the opinion of the vocational expert, that there were a significant number of jobs in the national economy that May could perform. [Tr. 23.] As a result, he concluded that she was not disabled. [Tr. 23.] The Appeals Council found no reason for review. [Tr. 2-6] May now seeks judicial review in this Court.

## II

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

May now argues that the Commissioner's decision "does not reflect the substantial evidence in the record, nor is it a proper interpretation of the controlling regulations and reviewing case law." [R. 21 at 12.]  Notwithstanding the Court's stated rule that it "will consider only the arguments listed and will not formulate arguments on the parties' behalf,"[2] the Court has nevertheless gathered the following arguments from May's brief:

> 1. May complains that the ALJ improperly discounted the opinion of Dr. Alfred Adkins.  [R. 21-1 at 11-12.]

---

[2]  The Court's scheduling order, entered in every social security case, provides that:

> In order to assist the Court in understanding the plaintiff's claims, any motion for summary judgment or judgment on the pleadings **SHALL** include a statement of the legal arguments presented at the beginning of the motion. The statement shall set forth the plaintiff's arguments in a numbered list. [For example: (1) The ALJ improperly discounted the opinion of the treating physician.] The Court will consider only the arguments listed and will not formulate arguments on the parties' behalf. Failure to submit such a statement may constitute grounds for denial of the motion.

[R. 6 at 3 (NOTICE and SOCIAL SECURITY BRIEFING SCHEDULE STANDING ORDER.]  While the Court could summarily deny May's brief for failing to comply with this rule, the Court will not.

2.  May complains that, the "ALJ arbitrarily gave controlling weight" to its non-examining State agency consultants and to its consultative examiner, Dr. Ford, in contravention of the rule set out in *Gayheart v. Commissioner or Social Security*, 710 F.3d 365 (6th Cir. 2013).  [*Id*. at 14.]

3.  May contends that the ALJ failed to give proper weight to the opinions of her treating physicians and then failed to supply "good reasons" for refusing to do so. [*Id*. at 14-15.]

4.  May repeatedly complains, without argument beyond that mentioned above, that the ALJ's decision was not supported by substantial evidence.  [*Id*. at 14.]

## A

May complains that the ALJ did not provide greater deference to the opinion of Dr.

Alfred Adkins.  [Tr. 12.]  Dr. Adkins performed a psychological evaluation on May in January

2013.  [Tr. 20, 972-979.]  The ALJ summarized Dr. Adkins opinions as following:

> The claimant has mild impairment in her ability to understand, retain, and follow instructions; mild impairment in her ability to perform simply, repetitive tasks; marked impairment in her ability to relate to others, including fellow workers and supervisors; and marked impairment in her ability to relate to others, including fellow workers and supervisors; and marked impairment in her ability to adapt to the workplace and her ability to tolerate he stress and pressures associated with day-to-day work activity.

[Tr. 21, 972-979.]  First, as the ALJ noted, this examination took place seven months after May's

date of last insured.  [Tr. 13, 20, 972-979.]  Adkins provided no indication that the limitations he

observed in January 2013 were present before the date last insured.  [Tr. 21, 972-979**.**]  Second,

even if the Court could overcome the fact that the opinion rendered addressed a time after her

date last insured, Dr, Adkins' opinion was properly discounted for other reasons.  The ALJ

explained that Dr. Adkins gave his opinion based on a single examination and depended heavily

on May's own subjective complaints.  [Tr. 21.]  The ALJ found May's subjective complaints to

not be credible, a point which May does not contest in her brief.  [*See* Tr. 18.]  The ALJ also

pointed out that there is no indication that Dr. Adkins reviewed May's medical history.  [*Id*.]

Finally, contrary to May's argument in her brief, Dr. Ford's assessment does not support the

assessment of Dr. Adkins.  [*See* R. 21-1 at 12.]  Dr. Adkin's assessment was far more restrictive.

## B

May complains that, the "ALJ arbitrarily gave controlling weight" to its non-examining

state-agency consultants and to its own consultative examiner, Dr. Leigh Ann Ford, in

contravention of the rule set out in *Gayheart v. Commissioner of Social Security*, 710 F.3d 365,

376 (6th Cir. 2013) (opinions from non-examining sources are never entitled "controlling

weight.")

The ALJ did not err with regard to the state-agency consultants' opinions as he did not

assign them controlling weight.  The ALJ gave the non-examining State agency medical

consultants' opinions "great weight" because they were consistent with the evidence of record.

[Tr. 21.]  The ALJ explicitly noted that "those physicians were non-examining, and therefore

their opinions do not as a general matter deserve as much weight as those of examining or

treating physicians."  [*Id*.]  Nevertheless, as pointed out by the Commissioner, the ALJ assigned

May a much more restrictive RFC than what had been recommended by the state-agency

physicians.  [Tr. 15-16 (ALJ's RFC), 77-85 (Initial Disability Determination), 88-97

(Reconsideration Disability Determination).]  Notably, the state-agency physicians found that

May could return to her past relevant work both in their initial and reconsidered determinations.

[Tr. 85, 97.]

The ALJ did not err with regard to Dr. Ford's opinion either.  Dr. Ford is a consultative

psychological examiner who saw May in October 2011.  [Tr. 576-579.]  May contends that Dr.

Ford's global assessment of functioning (G.A.F.) "findings are both disputed and

misinterpreted."  [Tr. 14.]  Ford found that May had a G.A.F. rating of 57.  [Tr. 578.]  This is in

contrast to Dr. Adkins, who awarded May a G.A.F. rating of 40.  [Tr. 976.]  The ALJ considered both of these two ratings in making his decision.  [Tr. 20.]  Contrary to May's argument, the ALJ is not required to "put stock in a GAF score in the first place." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006) (citing *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 241 (6th Cir. 2002) (ALJ's failure to refer to GAF score did not make his RFC analysis unreliable)). Finally, and as discussed above, the ALJ properly gave little weight to Dr. Adkin's opinion as it was rendered eight months after the claimant's date last insured, and provided no indication that her limitations existed prior to the time of his examination.  [Tr. 21.]  The Sixth Circuit has recognized that "'in appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.'"  *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011) (quoting SSR 96–6p, 1996 WL 374180 (1996)).  For all the aforementioned reasons, the ALJ's decisions to award great weight to the opinions of both Dr. Ford and the state-agency medical consultants are supported by substantial evidence.

## C

May argues that the ALJ "substitute[d] his own opinion over the medical physicians and failed to give proper weight to Ms. May's treating sources."  [R. 21-1 at 14.]  According to May, the ALJ "rejected the findings and limitations provided by her treating physicians."  She identified these treating physicians as (1) the physicians at the Neurology Spine and Headache Center, (2) Dr. Michael Trivette, (3) Dr. Tara Newsome, and (4) Dr. Howard Feinbert.  [Tr. 14.] In support of her objection, May cites to exhibits containing those doctor's notes and medical records, but nowhere does she identify any treating source opinions to which the ALJ could have

given controlling weight.  It is important to distinguish between objective medical evidence, for which the treating source rule does not apply, and medical opinion evidence, for which it does apply.

To the extent that May intends to complain that the ALJ did not properly consider the *objective medical evidence*, supplied by those doctors, she is mistaken.  Even a cursory review of the record demonstrates this objection is unfounded.  For example, the ALJ noted the "[r]ecords reveal that [May] was treated for chronic low back pain, migraine headaches, and fibromyalgia prior to the onset date of disability."  [Tr. 18 (citing to Ex. 1F, 2F (Notes from Neurology, Spine, & Headaches Centers, PLLC).]  He further referred to a follow up visit that took place in October 2011.  [Tr. 19 (citing to Ex. 22F (Notes from Neurology, Spine, & Headaches Centers, PLLC).]  The ALJ commented on the fact that imaging studies of May's right hip and hand had both come back negative.  [Tr. 18 (citing to Ex. 9F (Notes from Dr. Trivette).]  The ALJ considered medical evidence provided by Dr. Tara Newsome [Tr. 20 (citing Ex. 44F)] and from Dr. Howard Feinberg [Tr. 20 (citing Ex. 45F).]

If, as the Court believes May intended, her objection is that the ALJ failed to follow the treating physicians rule, then she is also mistaken.  Treating physicians' opinions on the nature and severity of a claimant's impairments are given controlling weight when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with other substantial evidence in [the] case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).[3]  A review of the record confirms that there are no treating source opinions in this case.  As the opinions do not exist, the

---

[3]       This cited provision is now located at 20 C.F.R. § 404.1527(c)(2).

ALJ could not have erred in not giving them controlling weight.  Furthermore, the ALJ could not have erred in failing to provide good reasons for rejecting those opinions since, again, there were no opinions.  *See* 20 C.F.R. § 404.1527(c)(2) (When an ALJ decides not to give weight to opinions from treating physicians, then the ALJ is required to give "good reasons" for discounting their opinions.)

## D

While it is unclear if the complaint is intended to be a separate argument or merely a result of the alleged failures alleged above, May repeatedly complains, without providing argument additional to that addressed above, that the ALJ's decision was not supported by substantial evidence. [Tr. 21-1 at 14.]

In conclusory fashion, May complains that the "office and treatment notes of all the Plaintiff's treating physicians and Ms. May's testimony as a whole prove that she because permanently disabled on or about December 31, 2007," thereby entitling her to benefits.  [R. 21-1.]  In seven pages of her brief, May summarizes the record evidence.  [*See* R. 21-1 at 4-11.]  Summarizing the "objective medical evidence" that she believes supports her position, however, does little to explain to the Court why the ALJ's position is **not** supported by substantial evidence.  As already noted, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and **even if substantial evidence also supports the opposite conclusion**.  *See Ulman*, 693 F.3d at 714; *Bass*, 499 F.3d at 509; *Her*, 203 F.3d at 389-90.  Furthermore, as noted by the Government in its briefing, the ALJ, not May, is tasked with weighing the evidence of record.  *See Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) ("Although the record is replete with inconsistent medical reports and [the Claimant's] own conflicting testimony, we

acknowledge the discretion vested in the ALJ to weigh all the evidence.") (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972); *Villarreal v. Secretary of Health and Human Services,* 818 F.2d 461 (6th Cir. 1987)); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.")

May has not offered the Court any reason, other than those already addressed above, as to why this decision is not supported by substantial evidence. The Court has reviewed the ALJ's opinion and it was thorough, and well-articulated. May has given the Court no reason to conclude that the ALJ's decision is unsupported by substantial evidence because, in truth, the decision is so supported

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding May not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

(1) May's motion for Summary Judgment [R. 21] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [R. 23] is **GRANTED**;

(3) May's motion for leave to file excess pages [R. 20] is **GRANTED**;

(4) The Government's motion for extension of time [R. 22] is **GRANTED**; and,

(5) **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This 8th day of September, 2015

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge